```
              UNITED STATES DISTRICT COURT
             MIDDLE DISTRICT OF PENNSYLVANIA
```

| | | |
|---|---|---|
| GERMAIN DIDIER NDONGO, | : | CIVIL ACTION NO. 1:01-0239 |
| Plaintiff | : | (RAMBO, J.) |
| v. | : | (MANNION, M.J.) |
| LSCI-ALLENWOOD, et al., | : | |
| Defendants | : | |

FILED
WILKES BARRE
MAY - 9 2001
MARY E. D'ANDREA, CLERK
Per_____ DEPUTY CLERK

## REPORT AND RECOMMENDATION

On February 6, 2001, the plaintiff filed the instant action, which the clerk's office designated as being filed pursuant to 28 U.S.C. § 1331. In his complaint, the plaintiff seeks to recover damages for an injury allegedly suffered while he was confined at the Low Security Correctional Institution at Allenwood, ("LSCI-Allenwood"), White Deer, Pennsylvania. (Doc. No. 1).

It appearing from the complaint that the plaintiff was no longer incarcerated, by order dated March 12, 2001, the court directed that the clerk serve the plaintiff with the appropriate application to proceed in forma pauperis.[1] The plaintiff was directed to either complete and return the application, or submit the proper filing fee. (Doc. No. 8).

On March 27, 2001, the plaintiff submitted the application to proceed in forma pauperis. However, he failed to complete the section of the application inquiring as to whether he is presently employed, and if so, the amount of salary or wages he receives per month. The plaintiff also failed to indicate on the form, if he is

---

[1] Along with his complaint, the plaintiff had submitted the application to proceed in forma pauperis and authorization forms designated for incarcerated individuals. (See Doc. Nos. 2 & 3).

1

not presently employed, the date of his last employment and the amount of salary or wages he received per month from that employment.

In addition, while the clerk's office designated this action as one being filed pursuant to 28 U.S.C. § 1331, the plaintiff attached to his materials a completed Standard Form 95, indicating that he may have been intending to file this action pursuant to the Federal Tort Claims Act, ("FTCA"), 28 U.S.C. § 2671, et seq. (See Doc. No. 1). As a result, by order dated April 3, 2001, the plaintiff was directed to provide the court with the above information relating to his employment status, as well as to inform the court as to whether he had intended to bring this action pursuant to 28 U.S.C. § 1331, as designated by the clerk's office, or as a Federal Tort Claims action. The plaintiff was given twenty (20) days within which to respond to the court's order. (Doc. No. 10).

As of the date of this report, the plaintiff has failed to respond to the court's order directing him to provide the information relating to his employment status so that the court can rule on his application to proceed in forma pauperis and to inform

2

the court of the proper designation of this action.

On the basis of the foregoing,

**IT IS RESPECTFULLY RECOMMENDED THAT:**

the plaintiff's complaint, (Doc. No. 1), be dismissed for his failure to respond to the court's order dated April 3, 2001.  <u>See</u> Fed.R.Civ.P. 41.

MALACHY E. MANNION
United States Magistrate Judge

Dated:   May 9, 2001


UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

\* \* MAILING CERTIFICATE OF CLERK \* \*

May 9, 2001

Re: 1:01-cv-00239   Ndongo v. FCI, LSCI Allenwood

True and correct copies of the attached were mailed by the clerk to the following:

Germain Didier Ndongo
801 Eastern Avenue
Capitol Heights, MD  20743

cc:
Judge                              ( )            ( ) Pro Se Law Clerk
Magistrate Judge                   ( )            ( ) INS
U.S. Marshal                       ( )            ( ) Jury Clerk
Probation                          ( )
U.S. Attorney                      ( )
Atty. for Deft.                    ( )
Defendant                          ( )
Warden                             ( )
Bureau of Prisons                  ( )
Ct Reporter                        ( )
Ctroom Deputy                      ( )
Orig-Security                      ( )
Federal Public Defender            ( )
Summons Issued                     ( ) with N/C attached to complt. and served by:
                                       U.S. Marshal ( )    Pltf's Attorney ( )
Standard Order 93-5                ( )
Order to Show Cause                ( ) with Petition attached & mailed certified mail
                                       to:  US Atty Gen   ( )   PA Atty Gen ( )
                                            DA of County  ( )   Respondents ( )
Bankruptcy Court                   ( )
Other_____       ( )

MARY E. D'ANDREA, Clerk

DATE: 5-9-01                                         BY: [signature]
                                                         Deputy Clerk

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

GERMAIN DIDIER NDONGO,          :  CIVIL ACTION NO. 1:01-0239

    Plaintiff                :  (RAMBO, J.)

    v.                       :  (MANNION, M.J.)

LSCI-ALLENWOOD, et al.,          :

    Defendants               :

N O T I C E

TO:  Germain Didier Ndongo
     801 Eastern Avenue
     Capitol Heights, MD   20743

FILED WILKES BARRE
MAY - 9 2001
MARY E. D'ANDREA, CLERK
Per ___ DEPUTY CLERK

    NOTICE IS HEREBY GIVEN that the undersigned has entered the following:   Report and Recommendation of Magistrate Judge Mannion dated 05/09/01.

Any party may obtain a review of the magistrate judge's above proposed determination pursuant to Rule 72.3, M.D.PA, which provides: 72.3 REVIEW      OF      REPORTS AND RECOMMENDATIONS OF MAGISTRATE JUDGES ADDRESSING CASE DISPOSITIVE MOTIONS

    Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636(b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within ten (10) days after being served with a copy thereof.  Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections.  The briefing requirements set forth in Local Rule 72.2 shall apply.   A judge shall made a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or

recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

MALACHY E. MANNION
United States Magistrate Judge

Dated:    May 9, 2001